## Holtham v. Holtham

*J. C. Lanshe*, for plaintiff.

*R. R. Brennen*, for defendant.

HENNINGER, P. J., July 2, 1951.—The parties to this action in divorce were married in 1940 at Scranton, Pa., lived together at various places in New Jersey and Pennsylvania until April 1948, when plaintiff obtained employment in Allentown, Pa., and resided there, and defendant moved with their children to Scranton, Pa. They· continued to meet and live together weekends at 644 Orchard Street, Scranton, Pa., until April 1950.

On June 23, 1950, plaintiff instituted this action in divorce stating defendant's residence as 644 Orchard Street, Scranton, Pa., but the Sheriff of Lackawanna County, deputized to serve the complaint, made a return on June 30, 1950, of non est inventus, volunteering the information that defendant had moved to "New Jersey". Thereafter the Sheriff of Lehigh County, upon order of the prothonotary, based on plaintiff's præcipe, caused service by publication but (to show inability to comply with Pa. R. C. P. 1124(b)) in the return stated: "Notice to the defendant of the pendency of the action by Registered Mail was not made because the complaint does not set forth a last known residence to which it could be mailed."

The complaint in fact did state such a residence and notice could have been mailed to that residence, futile as that may have seemed in the light of the return of the Sheriff of Lackawanna County. That it probably would not have been futile appears from the evidence of plaintiff on September 14, 1950, that he had mailed support checks to defendant weekly to that address

and that on that very date defendant was to his knowledge residing at 644 Orchard Street, Scranton, Pa.

In strict compliance with our court rule 20(e), notice of the master's hearing and of the filing of the master's report was served by posting in the prothonotary's office, with no effort made to reach defendant by mail or otherwise. It is our responsibility if court rules do not serve the purpose of assuring that defendants in divorce receive actual notice of proceedings, but plaintiff has laid himself open to the very action which has occurred by failing to inform his counsel how his wife could be reached for service of process.

A divorce was granted on November 13, 1950. Thereafter plaintiff failed to continue his support payments and upon inquiry, according to defendant's petition for a rule to vacate the decree, defendant then got her first knowledge of the pendency of the divorce action. On January 19, 1951, defendant filed a petition to vacate the decree, averring that from June 25, 1950, to September 2, 1950, defendant and their children were visiting plaintiff's mother at West Orange, N. J., and that during that period and thereafter plaintiff sent her weekly checks without informing her that a divorce was pending.

The prayer of the petition to vacate the decree also contains a prayer for alimony, counsel fees and costs. Depositions were taken which show that defendant is maintaining their two children, aged nine and six; that she receives wages of about $22 per week, and a support order for the children of $14 per week. Plaintiff's take-home pay is $57 per week with bonuses averaging about $6 per week. He claimed to have lost his job the day before the depositions were taken but within a week of that time he registered under the Fictitious Names Act as the sole proprietor of a drug store.

Plaintiff has filed two answers, the one to the rule to vacate and the other to the rule for alimony, counsel fees and costs. The answer to the rule to vacate avers that he did not know the *exact* whereabouts of defendant throughout the *entire* proceedings (italics ours). He does not, however, deny the allegation that defendant and their children were visiting his mother from June 25 to September 2, 1950, and, strangely enough, his mother was a witness for him at the master's hearing on September 14, 1950, and failed to mention that fact.

The answer to the rule for alimony, counsel fees and costs denies defendant's right to and need for financial help and plaintiff's inability to contribute. The parties have chosen to bring the matter of support to our attention preliminarily and we have discussed the rule to vacate only to determine whether there is such a real issue pending as to justify an order pending decision of that issue. We are convinced that there are very suspicious circumstances surrounding the obtaining of this divorce without notice to his wife. Furthermore, we have frequently inveighed against divorce without notice, where notice was feasible, and this is clearly such a case: Brown v. Brown, 22 Lehigh 195; Geesey v. Geesey, January term, 1951, no. 28.

Since defendant has a prima facie case for vacation of the decree, we may treat her as a litigant in divorce rather than as one against whom a final decree has been entered and can award her alimony, counsel fees and costs pending a motion to vacate: Fisher v. Fisher, 74 Pa. Superior Ct. 538, 545.

Since the decree has not yet been vacated we believe our order should be modest. Should the decree be vacated, defendant can apply for reconsideration of our order.

Now, July 2, 1951, it is ordered that plaintiff pay to defendant $100 for counsel fees and costs, and alimony

pendente lite at the rate of $5 per week, without prejudice to her right to apply for additional awards should the decree in divorce be vacated.